**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TRAVIS RYAN, et al.,**

        **Plaintiffs,**

                                  **Civil Action 2:23-cv-484**

      **v.**                          **Judge Sarah D. Morrison**

                                  **Magistrate Judge Kimberly A. Jolson**

**FLAGSTAR BANK FSB,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Stay Discovery (Doc. 12).  For the following reasons, the Motion (Doc. 12) is **DENIED**.

## I.    BACKGROUND

Plaintiffs bring this action, alleging that Defendant "violated provisions of the Real Estate Settlement Procedures Act ('RESPA'), 12 U.S.C. § 2601, et seq., and Regulation X, 12 C.F.R. § 1024" by including Plaintiff Ryan's former wife on his loan modification agreement, failing to correct this mistake, and instead offering a new loan modification at a higher interest rate.  (Doc. 3, ¶¶ 3, 34–49).

In response, Defendant moved to dismiss Plaintiffs' claims, arguing that they fail as a matter of law because Defendant is either not obligated or has met its obligations under RESPA and Regulation X.  (Doc. 11).  Now, Defendant asks the Court to stay discovery pending resolution of the Motion to Dismiss.  (Doc. 12).  The Motion to Stay Discovery is fully briefed and ripe for consideration.  (Docs. 12, 13, 16).

## II.    STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently."  *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL

2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). District courts have broad discretion to stay discovery. *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005). As is the case here, parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). "[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *E.g., id.*

Yet, in "special circumstances," a stay may be appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed[,]" *Shanks*, 2009 WL 2132621, at *1 (citations omitted), or where the motion to dismiss is based on lack of jurisdiction, *see Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020).

Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010). Still, "the Court must tread carefully in granting a

stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Young*, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020) (internal brackets and quotation marks omitted) (citing *Ohio Valley Bank*, 2019 WL 2170681, at *2).

## III. DISCUSSION

As is often the case with motions to stay discovery while a dispositive motion pends, "[b]oth sides have legitimate concerns: [Plaintiffs] [do] not want this case to languish; [Defendant] do[es] not want to spend resources unnecessarily." *Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021).

Defendant argues that a stay is appropriate because this case is identical to *Blair v. PNC Bank*, Case No. 1:21:766, 2022 U.S. Dist. LEXIS 134828 (S.D. Ohio July 28, 2022), in which the Court granted Defendant's Motion to Dismiss.  (Doc. 12).  In cases where a stay is granted, it tends to be where it is "almost certain" that the complaint is going to be dismissed.  *Ohio Valley Bank*, 2019 WL 2170681, at *2; *see Blevins v. Premium Merch. Funding One, LLC*, No. 2:18-CV-00377, 2018 WL 4501068, at *1 (S.D. Ohio Sept. 20, 2018) (quoting *DiYanni v. Walnut Twp. Bd. of Educ.*, No. 2:06-CV-0151, 2006 WL 2861018, at *2 (S.D. Ohio Oct. 4, 2006)) (finding that a stay may be appropriate for motions to dismiss presenting a "narrow legal issue (such as the running of the statute of limitations) which is easily evaluated in order to determine whether the motion to dismiss has merit.").  But here, the law is not so well-settled.  And the Court declines to "make . . . preliminary finding[s]" regarding "the likelihood of success on the motion to dismiss," because it "would circumvent the procedures for resolution of such a motion."  *Young*, 2020 WL 7407735, at *2 (citing *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080, at *2 (S.D. Ohio Oct. 10, 2018)).

Again, the "Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Shanks*, 2009 WL 2132621, at *1.  The balance of hardships weighs in favor of allowing discovery

to proceed.  Denial of the stay will result in Defendant spending "time and money on discovery that may subsequently be moot after a ruling on" the Motion to Dismiss.  *Young*, 2020 WL 7407735, at *2.  The Court recognizes this burden, "[b]ut it is the same burden that nearly every defendant in this Court faces in civil litigation." *Id.* at *3.  Moreover, staying discovery potentially will prejudice Plaintiffs by delaying the resolution of this case.  *Id.* at *2.  "As reflected in the Federal Rules," Plaintiffs deserve their case to be heard "in a timely and efficient manner." *Id.* at *3.  Staying discovery would undermine this goal.

Still, to conserve resources, the parties are **DIRECTED** to formulate a limited discovery plan for the next 90 days.  The parties' proposal shall be filed on or before **April 25, 2023**.

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Stay Discovery (Doc. 12) is **DENIED**.

IT IS SO ORDERED.

Date:   April 18, 2023                                   /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE